**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**EAU CLAIRE DIVISION**

| | | |
|---|---|---|
| Duane Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-cv-1077 |
| | ) | |
| Finance System of Richmond, Inc., d/b/a Radiologybill, an Indiana corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Duane Johnson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) part of the acts and transactions occurred here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Duane Johnson ("Johnson"), is a citizen of the State of Wisconsin from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for medical services to Radiology Imaging Associates.

4. Defendant, Finance System of Richmond, Inc., d/b/a Radiologybill ("FSR"), is an Indiana corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone to collect, or

attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. FSR operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Wisconsin.

5. Defendant FSR was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

**FACTUAL ALLEGATIONS**

6. Due to financial difficulties, Mr. Johnson was unable to pay his debts, including a delinquent consumer debt (incurred primarily for personal, family, or household purposes) that he allegedly owed for medical services to Radiology Imaging Associates ("RIA"). Sometime after this debt went into default, it was allegedly obtained by Defendant, which then attempted to collect the debt by sending Mr. Johnson a collection letter on or about May of 2026, regarding payment of the debt. A copy of this collection letter is attached as Exhibit A.

7. Accordingly, on June 17, 2026, Mr. Johnson had his attorney at Legal Advocates for Seniors and People with Disabilities ("LASPD") write to Defendant to inform it that he was represented by counsel, and that collection action and collection communications had to cease. A copy of this letter is attached as Exhibit B. This letter was sent via U.S. Mail, First Class postage pre-paid, and was not returned by the U.S, Post office as undeliverable.

8. Undeterred, Defendant attempted to collect the debt by sending text messages directly to Mr. Johnson, including but not limited to, collection text messages on or about October 5, 2026, October 9, 2026, and on or about October 22, 2026,

regarding payment of the debt. Screenprints of these collection text messages are attached as Exhibit C.

9. As a result of the Defendant's continued collection actions, Mr. Johnson had to take his time and effort to get the collection text messages to his attorney, as well as the expense (about $270) to hire another attorney to re-assert his right to have collection actions and collection communications cease. A copy of this letter is attached as Exhibit D.

**ARTICLE III STANDING**

10. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "Abusive Practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a) (Abusive Practices)(emphasis added).

11. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c), while § 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer who the debt collector knows is represented by counsel, see, 15 U.S.C. § 1692c(a)(2).

12. Defendant's continued direct collection actions invaded Plaintiff's right to counsel and intruded upon his seclusion; Defendant's actions were a direct invasion of

Mr. Johnson's legally-protected right to be left alone, his right to privacy and his rights to be represented by counsel as to his debts – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Six v. IQ Data International, 129 F.4th 630 (9th Cir. 2025); Lupia v. Medicredit, 8 F.4th 1184 (10th Cir. 2021); and Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021).

13. Defendant's collection actions alarmed, confused and emotionally distressed Mr. Johnson, invaded his right to privacy/seclusion and his right to be represented by counsel as to his debts, and caused him to have to take his time and effort, as well as expense, to reassert his right to be left alone, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir. 2023); and Ebaugh v. Medicredit, 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

16. Here, the letter from Mr. Johnson's attorney at LASPD told Defendant to cease communications and cease collections. By continuing to demand payment of this debt by writing directly to Mr. Johnson, Defendant violated § 1692c(c) of the FDCPA.

17. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

20. Here, the letter from Mr. Johnson's attorney at LASPD told Defendant that he was represented by counsel as to the debt Defendant was attempting to collection from him. By writing directly to Mr. Johnson and continuing to demand payment of this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

21. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692d Of The FDCPA –**
**Abusive Collection Actions**

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

24. Writing directly to Mr. Johnson, knowing that he had refused to pay the debt, and was represented by counsel as to the debt, as is his right under the FDCPA, is conduct, the natural consequence of which, harassed, oppressed, and abused him, in violation of § 1692d of the FDCPA.

25. Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Duane Johnson, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Duane Johnson, demands trial by jury.

Duane Johnson,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 30, 2026

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com